UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 14-52-HRW

CARL REYNOLDS
and
ALICE REYNOLDS,                                                                 PLAINTIFFS,

v.                              MEMORANDUM OPINION AND ORDER

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                                              DEFENDANT.

This matter is before the Court upon Defendant's Motion In Limine Regarding Alleged Injuries of Alice Reynolds [Docket No. 29] and Defendant's Motion In Limine Regarding Prior Cancer Treatments of Alice Reynolds [Docket No. 30]. These motions were filed in advance of the Pretrial Conference scheduled in this case for May 4, 2015. Upon motion of the Defendant, the undersigned convened a Settlement Conference on that same day. At the close of the Settlement Conference, the undersigned specifically directed Plaintiffs to respond to the pending motions filed by the Defendant no later than May 27, 2015. [Minute Entry Order for Settlement Conference Docket No. 37]. Although Plaintiffs filed a Response to other motions of the Defendant, Plaintiffs did not respond to these particular motions.

If for no other reason, it would be entirely proper to grant the Defendant's motions based on Plaintiffs' failure to respond thereto as required by Rule 7.1( c) of the Joint Local Rules of the Eastern and Western Districts of Kentucky[1]. The Court has reviewed the Defendant's motions and record, based on the current state of the record, it appears that the Defendant's are well taken

---

[1] Local Rule 7.1 ( c) specifically states that "[f]ailure to file an opposing memorandum may be grounds for granting [a] motion."

motions should be sustained.

I.

In this civil action, Plaintiff Alice Reynolds asserts that she sustained injuries as a result of an automobile accident which occurred in August of 2013. Specifically, she seeks damages for a fractured right wrist, compression fractures of her back, a left knee injury and rib fractures. Defendant seeks to exclude any testimony pertaining to any injury other than that to her wrist. In support of its motion, Defendant points out that the medical evidence establishes that Plaintiff Alice Reynolds sustained a fracture to her wrist as a result of the subject accident but does not establish any causal connection to the other alleged injuries. Defendant further points out that the time for obtaining medical evidence in this regard has long since expired. Defendant contends that without such evidence, any testimony by Mrs. Reynolds as to these injuries should be excluded. The Court agrees.

The case law is legion in this regard: "The causal connection between an accident and an injury must be shown by medical evidence, demonstrating that the link is probable and not merely possible." *Calhoun v. Provence*, 395 S.W.3d 476, 482 (Ky. 2012)(internal citations omitted). The burden is upon Plaintiffs to provide medical evidence of the existence of their injuries and the causal connection between the accident and the injury. Plaintiffs have failed to do so. The only medical testimony proffered by Plaintiffs is that of their treating physician, Dr. Tigran Garabekyan. Defendant has filed the transcript of Dr. Garabekyan's deposition in the record and the undersigned has thoroughly reviewed the same. It is clear that Dr. Garabekyan cannot testify with any degree of medical probability, that the back, knee and rib injuries alleged by Mrs. Reynolds were caused by the accident.

Pertaining to Mrs. Reynolds' alleged back injury, Dr. Garabekyan testified that during the course of her treatment, beginning shortly after the accident and continuing at least until June of 2014, she never told him about such an injury. [Deposition of Dr. Garabekyan, Docket No. 46-1, p. 34 at l. 5-9]. Therefore, he cannot testify as to this alleged back injury, much less a causal connection to the August 2013 accident. As such, testimony regarding a back injury will be excluded.

In this lawsuit, Mrs. Reynolds also seeks damages for injury to her left knee. Dr. Garabekyan testified that she did not present with any complaints about her knee until June 2014, **ten months** after the accident. *Id.*, p. 15, l. 12-14. Although he had seen her in August, September and October of 2013, she did not mention any knee pain or discomfort during these examinations. During his deposition, the following colloquy occurred:

> Q: And so her next visit, then, following that was August 23, 2013?
> A: That's right.
> Q: And again she made no new complaints of any type of pain or musculoskeletal discomfort?
> A: Correct.
> ....
> Q: So then she returned back on September 13, 2013?
> A: Uh-huh.
> Q: Did she note her [wrist] pain was improving?
> A: Yes.
> Q: Still no new musculoskeletal complaints?
> A: Correct.
> ....
> Q: So the last time you saw her for the wrist was apparently on October 31, 2013?
> A: That's right.
> ....
> Q: Again, no new musculoskeletal complaints?
> A: Correct.

3

*Id.*, p. 31, l. 15-20, p. 32, l. 5-6 and 24-25, and p. 33, l. 1-8.

Although Dr. Garabekyan diagnosed her knee pain as a flare-up of arthritis and a mild strain of her medial collateral ligament, he did not attribute her knee symptoms to the August 2013 accident. To the contrary, he surmised that had her knee sustained injury as a result of the accident, Mrs. Reynolds would have mentioned it, at some point, in the ten months between the accident and her first complaint of knee pain. *Id.*, p. 16, l. 5-12. This testimony can hardly be interpreted as an opinion expressed as a **probability**, not a **possibility**. *See Combs v. Stortz*, 276 S.W.3d 282, 296 (Ky. App. 2009). Therefore, testimony regarding Mrs. Reynolds' left knee will be excluded.

As for Mrs. Reynolds' alleged rib fracture, Plaintiffs' counsel did not elicit any testimony from Dr. Garabekyan in this regard. Defendant's counsel did, however, ask Dr. Garabekyan; "[a]nd specifically [Mrs. Reynolds] made no complaints as to her back or ribs or anything of that nature?" To which he responded, unequivocally, "[t]hat's correct." [Docket No. 46-1, p. 30, l. 19-21]. Although Mrs. Reynolds may testify that her rib was fractured, there is no medical evidence of record to indicate that a rib fracture actually occurred. There are no x-rays or other diagnostic evidence. Therefore, testimony regarding injury to her rib will be excluded.

## II.

Defendant also seeks to exclude any evidence of or testimony regarding Mrs. Reynolds' prior cancer treatments. Given that such evidence or testimony has no relevance to this lawsuit and that any mention of cancer might well evoke sympathy and thereby cause undue prejudice to Defendant. Therefore, any mention of prior cancer treatments will be excluded.

## III.

Accordingly, **IT IS HEREBY ORDERED** Defendant's Motion In Limine Regarding Alleged Injuries of Alice Reynolds [Docket No. 29] and Defendant's Motion In Limine Regarding Prior Cancer Treatments of Alice Reynolds [Docket No. 30] be **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiffs are prohibited from testifying as to injuries to Mrs. Reynolds' left knee, ribs, or back and her prior cancer treatments.

This ____ day of September, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge